# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STACEY FLETCHER, on behalf of herself and all others similarly situated, | |
| Plaintiff, | No. 10 C 4682 |
| vs. | Judge William J. Hibbler |
| INDYMAC MORTGAGE SERVICES, FSB, a division of ONEWEST BANK, FSB, | |
| Defendants. | |

### ONEWEST BANK, FSB'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEFING SUBMITTED BY APRIL 20, 2011 LETTER [DE 40]

OneWest Bank, FSB ("OneWest") hereby responds to Plaintiff's unauthorized supplemental briefing submitted in the form of Plaintiff's April 20, 2011 Letter ("Plaintiff's Letter") [DE 40] addressing the Office of Thrift Supervision's April 13, 2011 Consent Order with OneWest Bank, FSB (the "Consent Order").

As detailed below, Plaintiff's Letter is procedurally improper and should be stricken. Briefing on OneWest's Motion to Dismiss is complete. Rather than seeking leave to file supplemental briefing, Plaintiff has chosen to correspond directly with the Court, arguing that an administrative Consent Order is supposed evidence of specific bad acts by OneWest even though such Order makes *zero* mention of the specific allegations at issue here.

### Background

On April 13, 2011, federal regulators concurrently released consent orders arising out of regulator reviews of the foreclosure practices of fourteen mortgage lenders, servicers and related

entities, including OneWest.[1] The various consent orders are largely uniform in nature, and address a variety of foreclosure servicing practices. In its own news release describing the reviews, the Office of Thrift Supervision ("OTS") (OneWest's regulator) specifically notes that "*the reviews did not focus on loan-modification processes*,"[2] and none of the orders or summaries make any mention of HAMP trial period plans, the core subjects of this lawsuit.

## The Submission Should be Stricken.

As a threshold matter, Plaintiff's letter submission of additional briefing in opposition to OneWest's Motion to Dismiss is procedurally improper, and should be stricken. *See, e.g., Brown v. LaSalle Northwest Nat'l Bank*, 148 F.R.D. 584, 585 n.2 (N.D. Ill. 1993) ("It is inappropriate to brief issues through letters sent to a judge's chambers, and not filed with the Clerk of the Court. The appropriate procedure is to move the court to file a citation of additional authority or a supplemental brief and to file it with the Clerk of the Court.") OneWest's Motion to Dismiss [DE 28, 29] is already fully briefed and pending consideration before the Court. Instead of moving for leave to file a sur-reply, or filing a notice of supplementary authority, Plaintiffs instead filed what amounts to additional briefing on OneWest's pending Motion to Dismiss, constitutes unauthorized supplemental briefing, and should be disregarded by the Court.

## The Consent Order Says Nothing About Plaintiff's Core Claim.

This lawsuit is directed to OneWest's practices in connection with the receipt of permanent loan modifications under the federal HAMP program after entering into Trial Period Plans. S*ee* Complaint ¶ 50 ("Plaintiff brings this class action on behalf of herself and a Nationwide Class and Illinois Subclass of homeowners whose loans have been serviced by [OneWest] and who, since

---

[1] *See, e.g.,* Federal Reserve Press Release (describing regulatory actions taken against numerous banks) *available at* http://www.federalreserve.gov/newsevents/press/enforcement/20110413a.htm.

[2] Interagency Review of Foreclosure Policies and Practices at page 2, *available at* http://www.ots.treas.gov/_files/4900701.pdf (emphasis added).

2

August 18, 2009, have complied with their obligations under a written [Trial Period Plan ("TPP")] Agreement, but have not received a permanent HAMP modification if eligible."). The Consent Order deals with foreclosure practices. While it also addresses certain loan modification practices in connection with foreclosure practices, the Consent Order specifically does *not* address practices in connection with HAMP TPPs. Indeed, the OTC (and OCC) did not even consider TPPs as part of the underlying reviews that gave rise to the Consent Orders. Plaintiff has not, and cannot, point to any part of the Consent Order that specifically relates to the allegations in this case.

### The Consent Order is Irrelevant to OneWest's 12(b)(6) Motion.

Even though the Consent Order nowhere addresses Plaintiff's core claim in the lawsuit, nor contains findings related to HAMP TPPs, Plaintiff nevertheless argues that the recent Consent Order with OneWest somehow constitutes evidence that OneWest engaged in "unfair practices" with regard to loan modifications generally. Again, this assertion misses the point: The sole issue on OneWest's 12(b)(6) motion is whether the complaint, as pled, states a claim upon which relief may be granted. By its terms, the Consent Order is irrelevant to the motion before the Court because the Consent Order: (1) nowhere mentions OneWest's Trial Period Plan policies and procedures; (2) nowhere concludes that there is a private right of action under HAMP or any other viable claims in this regard; (3) nowhere finds that OneWest breached or otherwise violated any so-called TPP agreement with OneWest borrowers; and (4) nowhere determines that there was any other wrongdoing whatsoever with respect to the handling of borrower Trial Period Plans under HAMP. Nothing in the Consent Order affects whether or the not Plaintiff has adequately pled the claims asserted in the Complaint and accordingly, should not be considered by this Court in ruling on OneWest's 12(b)(6) motion.

**The Consent Order Supports OneWest's Preemption Argument.**

To the extent there is any relevance whatsoever here, the Consent Order actually supports the conclusion that Plaintiff's "unfair practices" claims are federally preempted. In OneWest's Motion to Dismiss, OneWest asserts that Plaintiff's claims are preempted to the extent that Plaintiff reads Illinois' consumer fraud statute to regulate loan modification servicing practices. Specifically, OneWest argued that OTS regulations explicitly preempt all state laws regulating the "servicing" of mortgages, and in addition, that the OTS has occupied the field of regulation in that area. *See* OneWest's Memorandum in Support of Motion to Dismiss [DE 29] at 12-13 (citing 12 C.F.R. § 560.2(a) (occupying the field); 12 C.F.R. § 560.2(b)(10) (explicitly preempting state laws concerning loan servicing)). The Consent Order demonstrates that OTS is executing that authority. Plaintiff's attempt to meddle in federal HAMP guidelines regarding Trial Period Plans would frustrate the efforts of federal regulators and create the potential for inconsistencies with OTS regulatory action – exactly what the Home Owners Loan Act and OTS regulations are meant to prevent.

Thus, to the extent the Court considers it, Plaintiff's letter only supports OneWest's arguments. Procedurally, however, Plaintiff's Letter is unauthorized and inappropriate and should be stricken.

Dated: April 27, 2011                                    Respectfully submitted,

                                                         **ONEWEST BANK, FSB**

                                          By:    */s/ Brett J. Natarelli*
                                                 Richard E. Gottlieb (rgottlieb@dykema.com)
                                                 Brett J. Natarelli (bnatarelli@dykema.com)
                                                 DYKEMA GOSSETT PLLC
                                                 10 S. Wacker Drive, Suite 2300
                                                 Chicago, Illinois 60606
                                                 Phone: 312-876-1700
                                                 Fax:    312-627-2302

## **CERTIFICATE OF SERVICE**

I hereby certify that on **April 27, 2011**, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

> Steven L. Woodrow (swoodrow@edelson.com)
> Irina Slavina (islavina@edelson.com)
> Richard B. Margolies (rmargolies@abbeyspanier.com)
> Karin E. Fisch (kfisch@abbeyspanier.com)
> Grace E. Parasmo (gparasmo@ abbeyspanier.com)

*/s/ J. Richard Madamba*
J. Richard Madamba

CHICAGO\3253571.1
ID\JRMA - 105636/0046