**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STACEY FLETCHER, on behalf of herself and | ) | |
| all others similarly situated, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 10-cv-4682 |
| ONEWEST BANK, FSB, | ) | |
| Defendant. | ) | Judge Sharon Johnson Coleman |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

On July 27, 2010, plaintiff Stacey Fletcher ("Fletcher") filed a putative class action complaint alleging that the defendant OneWest Bank ("OneWest") mishandled her application for a mortgage loan modification pursuant to the Home Affordable Modification Program ("HAMP").[1]  On April 24, 2012, Fletcher filed an amended complaint alleging breach of contract, promissory estoppel, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").  OneWest now moves to dismiss Fletcher's amended complaint and to strike Fletcher's class allegations.  OneWest's motions to dismiss and to strike are denied.

**Background**

The following facts are taken from the pleadings and all inferences are drawn in favor of Fletcher as the non-movant.  On July 7, 2006, Fletcher took out a $276,000 mortgage loan with Quicken Loans, which was transferred to IndyMac, and is presently serviced by OneWest.  After encountering financial difficulties, Fletcher made several requests for loan modifications in 2009.  Fletcher's second request was denied in June 2009, after which a customer representative advised her that she should miss her loan payments in order to qualify for the loan modification

---

[1] OneWest argues that Fletcher's present action is an improper attempt to enforce HAMP regulations.  The parties agree that HAMP provides no private federal right of action for borrowers against servicers.  *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 n.4 (7th Cir. 2012).  Fletcher's claims are contingent on alleged breaches of the Temporary Payment Plan, not HAMP regulations.  As such, Fletcher is free to bring any claims alleging a breach of TPP terms.  *Id*. at 582 (noting that "a state-law claim's incorporation of federal law has never been regarded as disabling, whether the federal law has a private right of action or not").

program.  In November and December 2009, Fletcher fell behind on her loan payments and applied a third time for a loan modification pursuant to HAMP.

In January 2010, Fletcher was approved for a three-month Temporary Payment Plan ("TPP").  Fletcher was informed that any proceedings against her for default regarding her loan payments would be put on hold during the trial period and that if she was approved, after making three trial payments, her loan would be permanently modified.  Throughout January, Fletcher continued to receive letters from OneWest acknowledging her approval for modified loan payments, but indicating that her loan was still in default.  On February 15, 2010 Fletcher was officially offered a TPP agreement under HAMP.  Fletcher was required to make modified loan payments for the months of March, April, and May with her first payment due on March 1st.  On February 21, 2010, Fletcher signed the TPP agreement and mailed her first modified loan payment to OneWest.  Initially, OneWest informed Fletcher that it had not received her payment.  Later, OneWest found Fletcher's payment and corrected its error.  This pattern repeated for the next three months with Fletcher making timely payments and OneWest having trouble crediting her account properly for payments.  OneWest reported Fletcher to credit bureaus regarding the delinquent status of her account and Fletcher was charged miscellaneous fees in the total amount of $10,766.93.  As of sixty days following the end of the three-month TPP period, OneWest had not given Fletcher a decision regarding her loan modification request.  Thereafter Fletcher initiated this action.

Judge Hibbler originally presided over this case and on January 18, 2011, OneWest moved to dismiss Fletcher's original complaint.  The original complaint alleged breach of contract, promissory estoppel, and violations of ICFA.  Judge Hibbler denied OneWest's motion to dismiss Fletcher's breach of contract claim, promissory estoppel claim, and claims based on conduct volative of HAMP guidelines.  Judge Hibbler granted OneWest's motion to dismiss claims that it violated ICFA through its servicing practices and procedures, but allowed all other claims under ICFA to continue.  After this case was reassigned on March 21, 2012, Fletcher filed her amended complaint alleging breach of contract, promissory estoppel, and violations of ICFA.  OneWest now moves to dismiss Fletcher's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) and to strike Fletcher's class allegations.

**Legal Standard**

OneWest cites two bases for its current motion to dismiss, Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1). In order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This standard is met when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A motion to dismiss is decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). Accordingly, the court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) seeks to dismiss a case for lack of subject matter jurisdiction, including a lack of standing. *A.H. Emple. Co. v. Fifth Third Bank*, No. 11 C 4586, 2012 U.S. Dist. LEXIS 27666 (N.D. Ill. Mar. 1, 2012). Similar to a 12(b)(6) motion, all reasonable inferences are drawn in favor of the plaintiff; however, when ruling on a 12(b)(1) motion the court may look beyond the allegations of the complaint and consider other submitted evidence. *Thrasher-Lyon v. Ill. Farmers Ins. Co.*, No. 11 C 04473, 2012 U.S. Dist. LEXIS 50560 (N.D. Ill. Mar. 20, 2012).

**Discussion**

1. *Law of the Case Doctrine*

As a threshold matter, the parties dispute whether this Court can rule on OneWest's motion to dismiss Fletcher's amended complaint. OneWest argues that the issues raised in its current motion are new and were not ruled on by Judge Hibbler. Fletcher argues that the current issues are the same, thus barred by the law of the case doctrine.

The law of the case doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case. *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 604-605 (7th Cir. 1987). However, the law of the case doctrine is a discretionary doctrine which "merely expresses the practice of courts generally to refuse to open what has been decided, not a limit to their power." *Id*. To determine whether the law of the case doctrine applies to a current issue, it is critical to determine what issues were actually decided in the prior ruling. *Aleman v. Dart*, No. 09-cv-

3

6049, 2010 U.S. Dist. LEXIS 124088 (N.D. Ill. Nov. 23, 2010). A judge should not reconsider a preceding judge's rulings when presented with "precisely the same question in precisely the same way" as the preceding judge. *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005).

Fletcher alleges in her amended complaint that OneWest breached their TPP agreement by delaying and failing to timely respond to Fletcher's application for a loan modification. The amended complaint supersedes the original complaint and renders the original complaint void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004); *McClendon v. Ill. DOT*, No. 12 C 2021, 2012 U.S. Dist. LEXIS 142866 (N.D. Ill. Oct. 3, 2012). While a ruling on an unopposed amended complaint would be inappropriate, the parties are free to file additional motions based specifically on the amended complaint should they so desire. *Morkoetter v. Sonoco Prods. Co.*, No. 11-CV-485, 2012 U.S. Dist. LEXIS 49387 (N.D. Ind. Apr. 6, 2012). Whereas here, Fletcher filed an amended complaint which rendered the original complaint void, we are not presented with precisely the same question in precisely the same way as Judge Hibbler and OneWest is free to challenge the adequacy of the amended complaint.

Moreover, the issues actually decided in Judge Hibbler's ruling are not the same issues presently before this Court. The law of the case doctrine does not come into play when the transferor judge never decided the precise issue that is before the successor judge. *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 902-903 (7th Cir. 2010). Judge Hibbler's ruling focused on whether there was consideration for purposes of the breach of contract claim, whether HAMP preempts state common law remedies, and unreasonable reliance regarding Fletcher's promissory estoppel claim. OneWest now moves to dismiss Fletcher's amended complaint for lack of proximate cause and justiciability issues. Nothing in the law of the case doctrine bars this Court from addressing these objections to Fletcher's amended complaint. *Id.* Accordingly, the law of the case doctrine is inapplicable.

2. *Motion to Dismiss*

Having held that the law of case doctrine is inapplicable here, this Court considers OneWest's substantive arguments with regards to dismissal of the amended complaint.

a. *Breach of Contract Claim*

The elements of a breach of contract claim are: "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 560

(7th Cir. 2012). The parties do not dispute whether Fletcher adequately alleges a valid offer and acceptance, consideration, or that Fletcher performed all required conditions of the TPP agreement. The only elements in dispute are whether Fletcher adequately alleges that the TPP agreement included a term to respond to Fletcher's request at the end of the three-month trial period, whether OneWest breached that term when it delayed responding to Fletcher's request for two months, and whether Fletcher suffered damages as a result of OneWest's alleged breach. (Compl. ¶¶ 95).

Where a contract does not specify a time for performance of a particular obligation, a "reasonable" time is implied. *Nelson v. Sotheby's, Inc.*, 128 F. Supp. 2d 1172, 1176 (N.D. Ill. 2001). What constitutes a reasonable time for performance is a question of fact. *Id*. OneWest claims that there was no express term specifying when a response was required to Fletcher's request and that, to the extent that Fletcher argues that there was such an implied term, two months was a reasonable time to respond. Fletcher claims that the TPP agreement, expressly and impliedly, required OneWest to inform her of whether or not she was eligible to receive a permanent loan modification at the end of the three-month trial period.

There is no express TPP term to support Fletcher's conclusion that OneWest was required to respond within a given time frame. As such, a reasonable time for performance is implied. Fletcher argues that a reasonable reading of the TPP agreement required OneWest to respond at the end of the three-month trial period. OneWest argues that a response two months after the TPP period ended was reasonable given the six month national average. For purposes of this motion to dismiss, all factual inferences must be drawn in favor of Fletcher. Therefore, the Court finds that Fletcher adequately alleges that there was an implied term requiring OneWest to respond to her request within a reasonable period of time and that OneWest breached that term when it failed to respond to Fletcher's request until two months after the end of the TPP period. Whether two months' delay is indeed unreasonable is a question of fact that cannot be answered by the Court at this stage of the pleadings.

OneWest argues further that Fletcher's amended complaint fails to allege that OneWest's delay caused her damages and that Fletcher lacks standing to bring her breach of contract claim because her own actions led to the complained-of injury. A review of Fletcher's amended complaint reveals that she does, in fact, contend that OneWest's delay caused her damages. Fletcher claims that she was damaged by OneWest's delay because she suffered lost time, lost

opportunity costs of pursing other means of dealing with her default, and that she postponed other remedies that might have been pursued to save her home both during and after the TPP period. (Compl. ¶ 95). Fetcher also argues that she suffered fees, charges, accrued interest, increased principal and other costs improperly applied to her account. *Id*. Therefore, Fletcher adequately alleges that she suffered damages as a result of OneWest's breach.

Additionally, Fletcher has standing if she has been injured, OneWest caused that injury, and the injury can be redressed by a judicial decision. *Sterk v. Redbox Automated Retail, LLC*, 2012 U.S. Dist. LEXIS 101717 (N.D. Ill. July 23, 2012). Fletcher alleges that she is a victim of OneWest's delay in processing her loan application, that she suffered pecuniary and lost opportunity costs as a result of OneWest's delay, and that the judiciary can redress that injury by ordering OneWest to pay her damages. Nothing more is required for standing.[2] Accordingly, OneWest's motion to dismiss Fletcher's breach of contract claim is denied.

### b. Promissory Estoppel Claim

Failure to allege a promise to reply within a specified time frame and lack of causation are also the bases for OneWest's motion to dismiss Fletcher's promissory estoppel claim. In order to make a claim for promissory estoppel, Fletcher must establish that: (1) OneWest made an unambiguous promise to her; (2) that she relied on such promise; (3) that her reliance was expected and foreseeable by OneWest; and (4) that she relied on the promise to her detriment. *Wigod*, 673 F.3d at 566. The parties dispute whether an unambiguous promise to respond at the end of the three-month trial period existed and whether Fletcher suffered a detriment as a result of her reliance on OneWest's promise.

Fletcher and OneWest agree that OneWest promised to consider her for a loan modification. Fletcher claims further that OneWest promised to inform her of whether she was approved for a permanent loan modification by the end of the three-month trial period. OneWest disputes that there was such a promise to inform by a given time frame. Despite Fletcher's conclusory arguments to the contrary, there is no express, "unambiguous promise" for OneWest to respond to Fletcher's loan modification request within a specified time frame. The TPP agreement provides no specific timeliness requirement. Fletcher also argues, in the alternative, that there was an implied promise that OneWest would respond to her requests within a

---

[2] OneWest makes the same standing argument regarding Fletcher's promissory estoppel and ICFA claims. The Court finds that Fletcher properly has standing for purposes of all claims in her amended complaint.

reasonable time and that two months was unreasonable. Although a promise must be unambiguous for purposes of a promissory estoppel claim, it need not be express. *Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg*, 882 F. Supp. 713, 724 (N.D. Ill. 1995). In this case, Fletcher claims that OneWest breached an implied term to respond to her request by the end of the three-month trial period, thereby adequately alleging an implied, unambiguous promise for purposes of her promissory estoppel claim.

Fletcher also adequately alleges that she suffered a detriment in reliance on OneWest's implied promise to respond to her request within a reasonable time. Fletcher claims that she gave up other remedies that might have been pursued to save her home, suffered lost time and opportunity costs of pursuing other means of dealing with her default, and that she suffered damages in the form of fees, charges, accrued interest, increase principal and other costs applied to her account as a result of her reliance on OneWest's promise. (Compl. ¶ 104). Accordingly, Fletcher adequately alleges a promissory estoppel claim and OneWest's motion to dismiss this claim is denied.

### c. ICFA Claim

OneWest argues that Fletcher's remaining ICFA claims should be dismissed for lack of standing and because her claims are not alleged with sufficient particularity. OneWest argues that Fletcher does not allege acts of misconduct directed at her or that the misconduct injured her personally.

Contrary to OneWest's assertion, a review of Fletcher's amended complaint reveals that she adequately alleges misconduct by OneWest directed personally towards her. Fletcher claims that OneWest intentionally misrepresented and concealed material facts concerning the loan modification process and induced Fletcher to default on her mortgage loan in order to become eligible for a loan modification under HAMP. (Compl. ¶ 112a). Fletcher alleges further that OneWest's unfair and deceptive practices injured her by causing her to forego other remedies that she may have pursued while waiting to hear back from OneWest. Fletcher asserts other injuries including lost time and opportunity costs, fees and charges, accrued interest, and increases to her principal. (Compl. ¶ 118). OneWest's argument that Fletcher failed to properly allege that OneWest threatened to foreclose on her home personally, and thus that her ICFA claims should be dismissed, is unpersuasive. A review of Fletcher's amended complaint and opposition brief reveals that she adequately asserts that OneWest's deceptive practices included

"accepting [her] modified mortgage payments during the trial period yet continuing to threaten foreclosure proceedings despite promising not to do so." (Pl.'s Mem. of Law in Opposition, Dkt. 90 at 19; *see also* Am. Compl. ¶115d).

Defendant argues next that Plaintiff's ICFA claims fail to meet particularity requirements pursuant to Fed. R. Civ. P. 9(b). Under ICFA, "it is enough to allege that the defendant committed a deceptive or unfair act and intended that the plaintiff rely on that act." *Wigod*, 673 F.3d at 575. Fletcher alleges that OneWest's misrepresentation and concealment of material facts constituted deceptive business practices and that OneWest's misconduct induced Fletcher to default on her loan payments and make the modified TPP mortgage payments in reliance on OneWest's misrepresentations. Accordingly, Fletcher adequately alleges ICFA violations and OneWest's motion to dismiss Fletcher's ICFA claim is denied.

### 3. *Motion to Strike*

OneWest's motion to strike is denied. Fletcher's breach of contract, promissory estoppel, and ICFA claims require discovery to determine whether the class should be certified. Accordingly, it is premature to strike the class allegations. *Wright v. Family Dollar, Inc*, No. 10 C 4410, 2010 U.S. Dist. LEXIS 126643 (N.D. Ill. Nov. 30, 2010).

**Conclusion**

OneWest's motion to dismiss Fletcher's amended complaint is denied. OneWest's motion to strike is denied.


IT IS SO ORDERED.


Date: October 22, 2012

Judge Sharon Johnson Coleman
United States District Judge